NATIONAL LABOR RELATIONS
BOARD, Petitioner,

v.

INTERNATIONAL BROTHERHOOD OF
ELECTRICAL WORKERS, LOCAL UN-
ION NO. 73, AFL–CIO, Respondent.

No. 78–3111.

United States Court of Appeals,
Ninth Circuit.

June 25, 1980.

As Amended on Denial of Rehearing
Dec. 8, 1980.

William M. Bernstein, N.L.R.B., Wash-ington, D.C., for petitioner.

Michael E. de Grasse, Critchlow, Wil-liams, Ryals & Schuster, Richland, Wash., for respondent.

## AMENDED OPINION

Before MERRILL and FARRIS, Circuit Judges, and BONSAL,* District Judge.

FARRIS, Circuit Judge:

The National Labor Relations Board peti-tions for enforcement of its order holding the International Brotherhood of Electrical Workers, Local No. 73, in violation of Sec-tion 8(b)(1)(B) of the National Labor Rela-tions Act, 29 U.S.C. § 158(b)(1)(B). IBEW disciplined one of its members for violating a union bylaw that prohibited union mem-bers from working for nonunion employers. Because the union member who was disci-plined was the grievance arbiter for Chew-elah Contractors, Inc., the Board held that IBEW's action violated Section 8(b)(1)(B) even though IBEW did not represent Chew-elah's employees. We deny enforcement of the order.

Prior to May, 1976, William Anderson was an employee of Electric Smith, Inc. and was a member of IBEW, the bargaining representative of Electric Smith's employ-ees. Robert LeCount was the corporate vice-president of Electric Smith. In Febru-ary, 1976, Anderson and LeCount formed Chewelah Contractors, Inc. Both Anderson and LeCount made substantial unsecured loans to Chewelah. In May, 1976, Anderson terminated his employment with Electric Smith and began working for Chewelah as a vice-president. Thereafter, he became a member of Chewelah's board of directors. His responsibilities, according to LeCount, President of Chewelah, included serving as Chewelah's grievance arbiter.

Anderson remained a member of IBEW even though the union did not represent Chewelah's employees. IBEW charged An-

---

* Honorable Dudley B. Bonsal, United States Sen-ior District Judge for the Southern District of       New York, sitting by designation.

derson with violating its bylaw prohibiting members from obtaining employment with nonunion employers. The union fined Anderson $1,250 and placed him on probation for one year. On October 7, 1976, Anderson filed a charge against IBEW with the NLRB, and the Board's General Counsel issued a complaint alleging that IBEW had violated Section 8(b)(1)(B) of the National Labor Relations Act, 29 U.S.C. § 158(b)(1)(B), by restraining or coercing Chewelah in the selection of its representative for collective bargaining or the adjustment of grievances. On May 6, 1977, an administrative law judge issued a decision finding a violation as alleged. The NLRB approved the decision and ordered IBEW to cease and desist from further violations, to rescind the fines it had imposed upon Anderson, and to post an appropriate notice. 231 N.L.R.B. 134.

Section 8(b)(1)(B) provides: "It shall be an unfair labor practice for a labor organization ... to restrain or coerce ... an employer in the selection of his representatives for the purposes of collective bargaining or the adjustment of grievances." 29 U.S.C. § 158(b)(1)(B). Section 8(b)(1)(B) was intended to prohibit a union from dictating "who shall represent an employer in the settlement of employee grievances, or to compel the removal of a personnel director or supervisor who has been delegated the function of settling grievances." S.Rep. No. 105, 80th Cong., 1st Sess. pt. 1, p. 21 (1947). The major concern of Congress was to prevent unions from forcing employers into or out of multiemployer bargaining units. *Florida Power & Light Co. v. International Brotherhood of Elec. Workers,* 417 U.S. 790, 803, 94 S.Ct. 2737, 2744, 41 L.Ed.2d 477 (1974). Section 8(b)(1)(B) was also intended to guarantee that an employer's bargaining representative would be completely faithful to the employer's desires. *See Wisconsin Electric Power Co.,* 192 N.L.R.B. 77, at 78 (1971). There is a basis for these concerns when the union charged with influencing an employer's choice of bargaining representatives is the bargaining representative of that employer's employees.

Union activity which Section 8(b)(1)(B) has been found to prohibit includes 1) picketing a company in an attempt to force the employer to dismiss a labor relations consultant thought to be "anti-union," *Helen Rose Co.,* 127 N.L.R.B. 1543 (1960), 2) attempting to force employers to join or resign from multiemployer bargaining associations, *United Slate Tile & Composition Roofers, Local 36,* 172 N.L.R.B. 2248 (1968), 3) attempting to force employers to select foremen from the ranks of union members, *Graphic Arts League,* 87 N.L.R.B. 1215 (1949), 4) expelling a union-member foreman from the union for assigning bargaining unit work in violation of a collective-bargaining agreement, *Northwest Publishers, Inc.,* 172 N.L.R.B. 2173 (1968), 5) penalizing union members for performing their nonunion supervisory duties during a strike, and forbidding them from resigning from the union to avoid further threats, *American Broadcasting Cos. v. Writer's Guild of America, West, Inc.,* 437 U.S. 411, 431–37, 98 S.Ct. 2423, 2434–2437, 57 L.Ed.2d 313 (1978). In every decision that has come to our attention, the union charged with violating Section 8(b)(1)(B) represented or demonstrated an intent to represent the complaining company's employees. Here, IBEW neither represents Chewelah's employees nor has it demonstrated a desire to represent the employees. The union had no incentive to either influence Chewelah's choice of bargaining representatives or affect Anderson's loyalty to Chewelah. Further, the acts complained of did not deprive Chewelah of a loyal bargaining representative. Their purpose was to enforce a presumably valid bylaw which one of its members had violated.

The union's action was also not inherently destructive of Chewelah's right to choose a loyal bargaining representative. The representative Chewelah chose was a member of a union which prohibited its members from working for nonunion employers. The Board does not question the validity of this bylaw. Anderson could have avoided the penalty for violating his union's bylaw by resigning from the union before he started work for Chewelah.

The union does not violate Section 8(b)(1)(B) by disciplining one of its members

for working for a nonunion employer in violation of union bylaw, even though that member is also the bargaining representative of his employer, if the union neither represents nor has demonstrated an intent to represent the employer's employees. The case may be different if there is evidence that the union's actual purpose in enforcing its bylaw was to interfere with the employer's selection.

Enforcement of the Board's order is denied.