No. 83–63. INTERNATIONAL BROTHERHOOD OF ELECTRICAL WORKERS, LOCAL UNION NO. 323, AFL–CIO v. NATIONAL LABOR RELATIONS BOARD. C. A. 11th Cir. Certiorari denied.

JUSTICE WHITE, with whom JUSTICE BRENNAN and JUSTICE BLACKMUN join, dissenting.

After determining that one of its members was working in a supervisory capacity for a nonunion employer, Local No. 323 of the International Brotherhood of Electrical Workers (IBEW) charged the employee with violating the IBEW constitution. That document provides that a member may be penalized for "[w]orking in the interest of any organization or cause which is detrimental to, or opposed to, the I. B. E. W." The employee was fined and ultimately expelled from the union.

The National Labor Relations Board charged the Local with an unfair labor practice for violating § 8(b)(1)(B) of the National Labor Relations Act, 49 Stat. 452, as amended, 29 U. S. C. § 158(b)(1)(B), which provides in pertinent part that "[i]t shall be an unfair labor practice for a labor organization or its agents—(1) to restrain or coerce . . . (B) an employer in the selection of his representatives for the purposes of collective bargaining or the adjustment of grievances." After a hearing, the Administrative Law Judge found that the discipline was imposed for "working for a nonunion contractor," which in his view constituted unlawful coercion. On review, the Board adopted the Administrative Law Judge's findings and conclusions. It issued a cease-and-desist order and ordered various affirmative relief. 255 N. L. R. B. 1395 (1981).

The Board then successfully petitioned the Court of Appeals for the Eleventh Circuit for enforcement of its order. The court noted that in *NLRB* v. *International Brotherhood of Electrical Workers, Local 73 (Chewelah Contractors, Inc.)*, 621 F. 2d 1035 (1980), the Court of Appeals for the Ninth Circuit had held that a union does not violate § 8(b)(1)(B) by disciplining a member-supervisor for his employment with a nonunion company if the union neither represents the company's employees nor displays a representational interest in them. The Eleventh Circuit declined to adopt the Ninth Circuit's interpretation of the statute, stating that it found the *Chewelah* limitation inconsistent with the statute's central aim. 703 F. 2d 501, 507 (1983). It held that regardless of whether the union displays a representational interest in the company's employees, an attempt to force a member supervisor to cease working for a nonunion company infringes the employer's right to select that person as its representative.

The conflict between the Ninth Circuit and the Eleventh Circuit is clear. Identical action by a union will constitute an unfair labor practice in the Eleventh Circuit but not in the Ninth. Implementation of the national labor policy is hampered by such conflicting rules. Accordingly, I would grant the petition to settle the conflict.